## Case No. 7,518.

### JORDAN v. CASS COUNTY.

[3 Dill. 245.] [1]

Circuit Court, W. D. Missouri. 1875. [2]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 95 U. S. 373.]

T. K. Skinker, for plaintiff.
Gage & Ladd, for defendant.

[Before DILLON, Circuit Judge, and KRE-KEL, District Judge.]

KREKEL, District Judge. 1. One view of this case is, had the county court of Cass county power to subscribe to, and accept, the stock of the Pleasant Hill & Lawrence Branch road, when the petition under which the order to submit the question of subscription to the voters was made, stated "that they desire as a township, to subscribe twenty-five thousand dollars to the capital stock of the Pacific Railroad Company which proposes to build a railroad through said township, to be known as the Pleasant Hill & Lawrence Branch of the Pacific Railroad?"

The order of submission followed the petition. If the necessary two-thirds vote under this petition and order, favorable to the subscription, was given, I am of opinion that the court was authorized to subscribe to and accept the stock in the branch. The petition itself, in other parts than those quoted, abundantly shows that the proceeding was had under the act of 23d of March, 1868 (page 92, Sess. Acts 1868),—for prior to that time no law authorizing townships to subscribe stock to a railroad existed in Missouri.

The petition says that "the Pacific Railroad Company proposes to build a railroad through the township." The proposition here spoken of is verified by the resolution of the board of directors of the Pacific Railroad Company, filed with the secretary of state on the 15th day of June, 1869—after the petition, but prior to the day of election—declaring in favor of building the branch road as authorized and required by the act of the 23d of March, 1868. (page 90, Sess. Acts 1868). From the proceedings of the tax-payers, the action of the county court of Cass county, as well as the action of the Pacific Railroad board, it is very evident that all were acting under the acts cited and attempting to comply with the provisions thereof.

The tax-payers in their petition for submission, employ the very words of the first section of the act of the 23d of March, 1868, "proposing to build." The authority of the first section is, "to subscribe to the capital stock of any railroad company of this state," and this, taken together with the petition and order, that the subscription is to be made for the construction of the Pleasant Hill & Lawrence Branch of the Pacific Railroad, it may well be, that had the Pacific Railroad. Company accepted the subscription to its stock, it would have been bound only to issue stock as of the branch. This view gains strength from a close examination of the second section of the act of the 23d of March, 1868, which provides, that a railroad may receive "subscriptions to stock to aid in its construction in the name of such branch, which shall be expressed in the certificate of stock issued." The third and fourth sections of the act last cited are in harmony with this view, and indeed tend to support it.

The authority to subscribe to and accept the stock of the branch road is then not only justified by the law, but in strict compliance with the design and intention of the tax-payers and the order of the court. In the petition of two-thirds of the tax-payers of the township, they declared this to have been their understanding, and though such a petition cannot be substituted for a two-thirds vote required by law, yet it shows, at least, that the question now raised is a technical one.

2. But supposing the views above expressed should be erroneous, the question arises, in how far are innocent holders of bonds for value affected by the proceedings had in the premises. Here is a bond reciting the law and the facts required to make it a vital commercial obligation payable to bearer—is the purchaser of such bond bound to make inquiry and ascertain whether the issuer of the instrument set out the truth, when the facts at least were peculiarly within its reach, and under the law to be ascertained by the county court, and it alone?

The power being conferred on the county court by law to issue the bonds on a given state of facts, to be ascertained by it, is either an untruthful statement of the facts on the face of the bonds, or even an erroneous exercise of an unquestionable legal power to affect an innocent holder for value?

There has been no actual notice to the plaintiff of any irregularity, if such has occurred. The proceedings in court and the filing of the declaration of intention to build the branch road by the Pacific Railroad Company in the secretary of state's office, impart no constructive notice. The levy and collection of taxes, and the payment of coupons for several years show beyond question how the matter was viewed by all the parties, and though such acts might not estop the defense here interposed, if legal authority was entirely wanting in the county court to issue the bonds, yet they strongly tend to show the wrong that would be done to permit a technicality to stand in the way of substantial justice. In my view the case is with the plaintiff.

DILLON, Circuit Judge. I concur in the result, on the second ground stated in the foregoing opinion of KREKEL, District Judge, without giving any opinion on the view first therein expressed. Judgment for plaintiff.